TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIANA G. STEFANOVA, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>THE SERVICE COMPANIES, INC., a Foreign Corporation; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive;<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR WRONGFUL TERMINATION**<br>**[JURY TRIAL DEMANDED]** |

COMES NOW, Plaintiff MARIANA G. STEFANOVA (hereinafter, "Plaintiff"), by and through her counsel, the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendants as follows:

## **PARTIES**

1. At all times relevant hereto, Plaintiff, residing in Clark County, Nevada, was an individual employed at THE SERVICE COMPANIES, INC., a Foreign Corporation (hereinafter "Defendant"). Defendant is a company that provides outsources housekeeping services in the hospitality industry. Plaintiff worked as a housekeeper at the Linq Hotel and Casino. Defendant employed Plaintiff, however.

///

///

1

2. All acts which form the basis of this complaint occurred during Plaintiff's employment with Defendant.

3. The true names and capacities of DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believe and therefore allege that each of the Defendants designated as DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive are either responsible in some manner for the events and happenings referred to herein, and/or are liable to Plaintiff as set forth herein. Plaintiff will ask leave of this Court to amend this Complaint to assert the true names, characters and capacities of DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive, when the same have been ascertained and to join such Defendants in this action.

4. All of the acts alleged herein and or failures alleged herein were duly performed by and or are attributable to Defendants, and each of them. acting by and through their agents and employees. Said acts and or failures to act were within the scope of said agency and or employment, and Defendants ratified said acts and or omissions.

5. Defendants regularly employ fifteen or more persons.

### JURISDICTION AND VENUE

6. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. Defendants are now and were at all times mentioned herein an "employer" of the Plaintiff within the definition of Title I and V or the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. Section(s) 1201 et seq.; the Rehabilitation Act of 1973, and amendments thereto, and 29 U.S.C. Section 701, et seq.; and laws of the State of Nevada. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory

judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

7.   Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiffs reside, all Defendants reside and/or regularly conduct business and where all the wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

8.   Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

9.   Plaintiff was terminated from her employment with Defendants and thereafter timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

10.   Plaintiff promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of her charges;

11.   Plaintiff exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and has received a Right to Sue from the EEOC.  Plaintiff timely filed this action in accord with the applicable timeframe regarding receipt of the Right to Sue letter she received.

12.   Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

///

///

///

# FACTUAL ALLEGATIONS

13. Plaintiff is female. She is originally from Bulgaria. She is of a protected class by virtue of her national origin. She was hired by Defendant as a housekeeping supervisor in November, 2011. She was a loyal and dedicated employee and conducted herself with the utmost professionalism. Over the course of her employment with Defendant, she received positive evaluations from hotel guest, management and staff. She was repeatedly subjected to baseless and pretextual treatment, and disparate treatment regarding her national origin, in violation of bylaws and guidelines established by Defendants that ostensibly were to provide a discrimination-free employment environment.

14. Plaintiff was suspended by Defendant in June, 2015. Other co-workers of hers, not of a protected class, were in actual violation of Defendant's standards and employment procedures but were not suspended. She notified Defendant of disparate treatment but no action was taken by Defendant to investigate or promptly correct the disparate treatment. Plaintiff was falsely accused of unprofessional conduct or insubordination. She denies any unprofessional conduct or insubordination. Plaintiff was terminated for pretextual and disingenuous reasons and she was terminated in order that Defendant could perpetuate a discriminatory paradigm toward Plaintiff.

15. Upon information and belief and at all relevant times, Defendant employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks from January 2014 to the present time, and was further engaged in an industry directly affecting interstate commerce.

16. Defendant, in contravention of sound and proper public policy, terminated Plaintiff. The effect of terminating Plaintiff was to effectuate a discriminatory purpose toward Plaintiff by Defendant.

///

///

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION

**(Discrimination Under State and Federal Anti-Discrimination Statutes in Violation of Title VII: National Origin, Race, Color and Sex)**

17. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

18. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to national origin motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

19. As a result of Defendant's above-stated actions, Plaintiff suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to them as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

20. Plaintiffs should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

21. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiffs to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiffs are entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## SECOND CAUSE OF ACTION
### Violation of Nevada Statutory Protections

22. Plaintiff incorporate by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

///

23. NRS § 613.330 makes it unlawful for an employer to discriminate against any employee because of their age, national origin or sex. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to sex related and motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by her employers and Plaintiffs were discriminated against due to their national origin and sex.

24. As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

25. Plaintiff should be awarded punitive damages as well because of Defendants' extreme and outrageous conduct.

## REQUEST AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and reinstatement to a position they would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Plaintiff for general damages, including but not limited to emotional distress damages, within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages;

5. An award to Plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

6. An award to Plaintiff interest on any awards at the highest rate allowed by law;

**7.** And Such other and further relief as this Court deems just and appropriate.

Dated this 18th day of August, 2016.        **HATFIELD & ASSOCIATES, LTD.**

By:  /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703     South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
        *Attorney for Plaintiff*